Assumpsit upon the common counts only, with the particulars of demand attached for 2,700 granite paving blocks, at $40 per thousand, $110.40.
The defendant filed three pleas: first, that plaintiff is not a body corporate; second, that defendants have paid the amount due for said granite blocks erroneously charged to them in said particulars of demand, and that such payment was made in satisfaction of a judgment of condemnation against defendants in another action at law in this court, and prior to the *366 institution of this suit; third, that the defendants are not indebted as alleged.
O. D. Barrett„ for plaintiff.
The plaintiff joined issue on defendants’ first and third pleas, and to the second plea filed a demurrer, on the ground that it was bad in substance; and gave notice that the matters intended to be argued were, that it is a plea in avoidance and is bad as wanting color, and that it is double. On March 26, 1877, the defendants joined issue on the plaintiff’s demurrer. The plaintiff then gave a five days’ notice to defendants’ attorney that the demurrer would be heard on any motion day, according to rule 47, which provides that “ demurrers may be heard on any motion day after five days’ notice.” The cause was not placed upon the calendar.
It appears that when the demurrer was called up for hearing, the case of Knoedler v. Meloy, 2 MacA., 239, was brought to the attention of the court, and thereupon the cause was certified to the general term to be heard in the first instance.
The chief justice, who presided on that occasion, was desirous that the point of practice involved should be again considered at the general term, as it was supposed to have an important bearing upon the dispatch of business at the circuit. But upon, re-examining the question, the court in banc came to the conclusion that the law was properly construed in the former decision. In the case referred to, it was decided that a joinder in demurrer produces an issue of law, and the practice in regard to noticing it for trial, and entering it upon the calendar, is the same as in eases in which there is an issue of fact; and it was declared further that the rule of court which prescribes that “ demurrers may be heard on auy motion day after five days’ notice,” was inoperative and void as contravening the statute.
The court announce that, in their opinion, the decision in Knoedler v. Meloy was correct, and that they adhere to the ruling in that case, and the cause is remanded to be proceeded with accordingly.
Cartter, Ch. J., dissented.